Overton, J.
 

 delivered the following opinion of the court.
 

 The complainant states that William Gillispie and himself made a purchase of John Deloach of 400 acres of land, part of Ephraim Payton’s preemption, upon which they entered into articles of agreement in August 1799, in which it was agreed, that after the expiration of twenty days twelve hundred dollars should be paid, and twelve hundred dollars more in land by instalments at distant periods; that Gillispie relinquished all claim under this agreement in January 1800 but that he never relinquished his claim; that he tendered land and negroes, which Deloach agreed to take as the first payment, but that it was afterwards refused. That the defendant Deloach refused to convey; and afterwards sold to the defendant Ephraim Payton, who had notice of the purchase made by the complainant and Gillispie. When the contract was made, ten dollars were paid Deloach in part execution of the same. The complainant offers to perform his part of the contract, and prays for a conveyance.
 

 The defendant Deloach admits that he took a deed from Payton in
 
 1796,
 
 but that it was in trust, expressing the conditions of the trust. He also admits the sale made to the complainant and Gillispie, but avers that the contract was relinquished by Gillispie, for himself and Barry, and that the article of agreement was given up to him on such relinquish
 
 *396
 
 ment. This article was afterwards procured by Gillispie and Barry to look at, but not returned as it ought to have been. It is stated by him that the plaintiff only offered to pay the twelve hundred dollars provided he would give security for the title, which he refused, conceiving himself not bound to do so, on account of the relinquishment of the contract. States that he refunded to Gillispie the ten dollars received, when the contract was rescinded and the article given up. He further states that he reconveyed the property to Ephraim Payton, upon his discharging him from the trust.
 

 Payton in his answer, avers, that the conveyance was made by him to Deloach, in trust, to support and educate his children, and for no other consideration. Admits that he took a reconveyance of Deloach in June 1800, he having agreed to do so, on his discharging him from his trust, as early as October 1798, and exhibits Deloach’s letter showing this agreement.
 

 He avers that Barry and Gillispie had notice of this trust before the articles of agreement.
 

 T
 
 he court is satisfied by the proof, of the correctness of the statements in the defendants’ answers. It appears that before the articles between the complainant and Gillispie with Deloach, and upon the agreement to reconvey, that Payton satisfied Deloach for his trouble and expence in supporting his children, and that Deloach agreed to reconvey, and in consequence of this agreement, he did reconvey in June 1800.
 

 This conveyance, recites the trust, and contains a relinquishment or release of any demands that Payton might have in consequence of the trust.
 

 It is admitted on all hands that Deloach is insolvent; and the proof is extremely strong, that Ephraim Payton, before he took the reconveyance, had notice of the complainant’s and Gillispie’s agreement for the purchase of the land; but the proof also shows clearly, that the complainant had notice before he articled for the land, that Deloach held it in trust for Ephraim Payton’s children.
 

 On the part of the complainant the following positions have been assumed.
 

 First. The defendant Payton took the reconveyance, with notice of the complainant’s claim, and upon this ground the court will decree a conveyance.
 

 Secondly. That Payton cannot protect himself by having a lien on the land.
 

 Thirdly. That nothing can be proven or taken into ac
 
 *397
 
 count by the court, different from what appears on the face of the deed from Deloach to Payton.
 

 It is insisted that from the deed there are mutual covenants, and not a release, and consequently Payton must look to Deloach upon his covenant for redress, if he had previously sold. Convey Payton must, it is insisted, having taken the reconveyance with notice.
 

 It were useless to repeat the arguments used by the defendent’s counsel as the most material are referred to in the opinion of the court.
 

 The complainant, cannot recover in this case on several grounds.
 

 On the ground of notice of the trust, the complainant cannot prevail, supposing that he had paid a full and valuable consideration, which is not the case.
 

 It is true Ephraim Payton had no lien on the land,the trust not having been expressed in the deed from him to Deloach, nor notice given thereof by any registered document, which would affect a subsequent purchaser with notice.
 

 It is deemed unnecessary by the court to state positively its opinion in relation to the objection taken by the complaint’s counsel, that the trust cannot be ascertained by parol proof, because he relies on the evidence of the deed from Deloach to Payton,which shows the terms of this trust, but if it were neccessary the court has no hesitation in thinking that the evidence offered to prove this trust, independent of a recurence to the deed of reconveyance, was properly received.
 

 It is clear beyond a doubt that the complainant had notice of the trust, before the articles were drawn. But if he had not, it were sufficient to repel his claims, even if he had paid the consideration, if notice existed at any time before conveyance executed. But the very object of this bill is to obtain a conveyance which is opposed on the following grounds.
 

 First. That the trust for the maintainance of Paton’s children, was a just and
 
 bona fide
 
 consideration, and that as Payton had the legal title, the court will not deprive him of it, having not only as much, but more equity than the complainant, and the law on his side.
 

 Second. That the complainant having notice of the trust, if the court were to decree,it must be subject to it, as a general principle; but in this case the trust could not be executed as intended, because the children had been supported by the father since the reconveyance.
 

 Third. There was no such tender under the articles be
 
 *398
 
 tween the complainant, Gillispie & Deloach, as would under any circumstances entitle the complainant to an execution of the contract in a court of equity.
 

 Fourth. It is always a matter of sound discretion with a court of equity, under all the circumstances of the case whether it will enforce the execution of a contract.
 

 The court has no doubt of the merit of the consideration in relation to the trust, and that if Payton found it was likely to fail; or in other words, that Deloach was insolvent, or likely to become so, he was right in calling for a reconveyance. It was the only way he could save himself. Such consideration was equivalent to the full value of the land in money.
 
 Then,
 
 suppose Barry had paid the value of the land instead of contracting to purchase, even without notice of this trust, how would the matter have stood. The court could not relieve the complainant, though he had notice of such purchase, and payment of consideration, because Payton had previously to the time of Barry’s purchase and payment, parted with his consideration. There was nothing contrary to the principles of morality or equity, in Payton’s endeavoring to save himself by taking a reconveyance under such circumstances, Had the complainant, paid a consideration and took a conveyance from Deloach, without notice
 
 of
 
 the trust, and Payton had come here for relief, then the case would be reversed & Barry would prevail ; but the facts fall far short of such a case.
 

 On the principle of the second proposition, it seems to be a rule adopted in a court of equity, that it will not relieve, unless justice can be done completely, either by placing the parties in
 
 statu quo,
 
 or affording compensation in cases which admit of it. But the court is unable to conceive how either can be done in this case.
 

 It is no way important to inquire, whether the tender were sufficient, because if the consideration had been actually paid, the court could not relieve.
 

 No rule is better established in equity,than that it is a matter of sound discretion under all the circumstances of the case, whether rebel shall be afforded. Unless the conscience of the court, governed
 
 by
 
 the principles of equity, as found in the books, can be satisfied, the party will be left to seek his remedy at law.
 

 The plaintiff’s bill must be dismissed with costs.